PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW D. RUBLE, | ) | CASE NO. 5:09CV02173 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| TIMOTHY E. ESCOLA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

Before the Court are motions for summary judgment filed by Defendant Board of Trustees for Perry Township, Stark County, Ohio ("Perry Township") (ECF No. 37); Defendant Chief of Police for the Perry Township Police Department Timothy Escola ("Escola") (ECF No. 38); and Defendant Officer Janine England ("England") (collectively "Defendants") (ECF No. 42), pursuant to Fed. R. Civ. P. 56(c).

As counsel are well aware, the undersigned was not the judicial officer assigned at the time the discovery schedule was set and the pending motions were filed. It is not clear from Defendants' motions whether Defendants seek rulings on the threshold defense of qualified immunity or the merits. The Supreme Court of the United States held that "a claim of immunity is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated." *Johnson v. Jones*, 515 U.S. 304, 312 (1995) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985)).

Qualified immunity is "an immunity from suit rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1986). As such, the Supreme Court has consistently held that qualified immunity

(4:11cv106)

should be resolved at the earliest possible stage of litigation so that the costs and expenses of trial are avoided where the defense is dispositive. *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Moreover, "if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting [full] discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001); *Hunter v. Bryant*, 402 U.S. 224, 227 (1991); *Anderson v. Creighton*, 483 U.S. 635, 646 fn. 6 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

  The Court has not been able to ascertain from the docket or the pending motions whether the discovery conducted so far was limited to that necessary for the submission of summary judgment motions advancing the defense of qualified immunity. To add to the uncertainty, at times, in the pending motions, Defendants write they are "entitled to a judgment as a matter of law" without further qualification, and, at other times, Defendants specifically indicate they are motioning for judgment as a matter of law based upon the doctrine of qualified immunity.

  The Court, hereby, orders counsel to inform it of (1) whether the pending motion seeks a ruling on qualified immunity <u>or</u> the merits. And, because the Complaint alleges several causes of action, if a ruling on qualified immunity is sought, (1) inform the Court as to which counts of the Complaint that ruling is sought. The responses shall be filed no later than 4 p.m. on August 8, 2011.

  IT IS SO ORDERED.

<u>August 3, 2011  </u>    <u>/s/ Benita Y. Pearson   </u>
Date             Benita Y. Pearson
               United States District Judge